FARRAH MIRABEL, STATE BAR NO. 162933
fmesq@fmirabel.com
**LAW OFFICES OF FARRAH MIRABEL**
1070 Stradella Rd.
LOS ANGELES, CA 90077
TELEPHONE:  (714) 972-0707  Fax: (949) 417-1796

Attorneys for Plaintiffs, MARIO SARABIA and MARTIN MORENO on behalf of themselves and for all similarly situated persons, and the general public

UNITED STATES DISTRICT COURT

| | |
|---|---|
| MARIO SARABIA,  MARTIN MORENO, behalf of themselves and for all similarly situated persons, and the general public;<br><br><br><br>Plaintiffs,<br><br>vs.<br><br><br>RICOH USA, INC., a California Corporation, RICOH LOGISTICS CORPORATION and DOES 1-50 ALL INCLUSIVE,<br><br>Defendants. | Case No.: 8:20-cv-00218-JLS-KES<br>Honorable Judge Josephine L. Staton<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES FOR**<br><br>1. **Unpaid missed rest breaks (*Labor Code Section 226.7 and IWC Wage Order No. 4 and 9-2001 section 12*);**<br><br>2. **Unpaid missed meal breaks (*Labor Code Sections 226.7 and 512*);**<br><br>3. **Failure to pay for all overtime worked (*Labor Code Sections 510 and 1194*);**<br><br>4. **Failure to pay minimum wage and pay for all wages earned (*Labor Code Section 204, 1194 and 1197*);**<br><br>5. **Failure to maintain accurate payroll records and to produce the records (*Labor Code Sections 226, 1174 and 1198.5* |

*and Applicable Wage Order* );

6. Failure to pay wages upon separation (*Labor Code Sections 201 – 203*)

7. Failure to pay for sick days (Lab Code §246(a));

8. Unlawful Discrimination Based on Cal. Gov. Code § 12940;

9. Wrongful Termination in Violation of Public Policy;

10. Wrongful Termination-Retaliatory Termination [Govt. Code § 12940(h)];

11. Violation of *California Government Code* § 12940 (m) – Wrongful Termination, Failure to Accommodate;

12. Violation of *California Government Code* § 12940 (n) – Wrongful Termination Failure to Engage in the Interactive Process;

13. Violation of California *Business and Professions Code* §17200, et seq.;

14. Civil Penalties Pursuant to Labor Code section 2699

**DEMAND FOR JURY TRIAL**

COMES NOW PLAINTIFFS, MARIO SARABIA, and MARTIN MORENO, individually on behalf of themselves and for all similarly situated persons, and the

**THIRD AMENDED COMPLAINT FOR DAMAGES**

general public and alleges as follows: (The allegations in this Complaint, stated on information and belief, have evidentiary support and/or are likely to have more evidentiary support after reasonable opportunity for further investigation and discovery.)

### NATURE OF THE ACTION

1. Defendants, RICOH USA, INC., and RICOH LOGISTICS CORPORATION, are operating a business in Orange County, California.

2. During the relevant timeframe, Plaintiffs, MARIO SARABIA and Martin Moreno were employed by Defendants, RICOH USA, INC. and RICOH LOGISTICS CORPORATION, and worked at 1123 Warner Ave, Tustin, CA 92780.

3. This action for relief arises from Defendants' failure to provide off-duty rest and meal periods as required by law; failure to compensate Plaintiffs and Class Members at the required rate for each occasion in which Defendants failed to provide rest and meal breaks; failure to pay overtime wages and for all hours worked; failure to keep accurate payroll records, such that Plaintiffs and Class Members were given wage statements that did not accurately reflect all the hours worked and all wages earned; failure to timely produce the employee's records, and failure to pay all wages due upon separation; failure to pay the minimum wage and all wages earned; failure to pay for sick days. Plaintiff Mario Sarabia individually seeks remedy for Defendants' failure to accommodate and engage in the interactive process, unlawful discrimination and wrongful and retaliatory termination.

### THE PARTIES

**THIRD AMENDED COMPLAINT FOR DAMAGES**

4.    Plaintiffs, MARIO SARABIA, and Martin Moreno are residents of California.

5.    Defendant, RICOH USA, INC., at all times mentioned herein, is an employer whose employees worked for, throughout the County of Orange and in other counties in the State of California.

6.    Defendant, RICOH LOGISTICS CORPORATION, at all times mentioned herein, is an employer whose employees worked for, throughout the County of Orange and in other counties in the State of California.

7.    The true names and capacities, whether individual, corporate, associate or otherwise of each of the Defendants designated herein as a DOE are unknown to Plaintiffs at this time, who therefore, sues said Defendants by fictitious names, DOES 1 to 50, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained.  Plaintiffs are informed and believe and thereon alleges that each of the Defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to Plaintiffs as herein alleged.

8.    Unless otherwise individually referred to, whenever, in this Complaint, reference is made to "Defendants," such reference shall refer to all Defendants.

9.    Plaintiffs, on information and belief and based upon such basis, allege that at all times herein mentioned, each of the Defendants were acting as the agent, servant, employee of each of the other Defendants, within the scope of said agency and employment.

10.    During the times and places of the incident in question, Defendants, and each of them, their agents, servants and employees became liable to

**THIRD AMENDED COMPLAINT FOR DAMAGES**

Plaintiffs and Class Members for the reasons described in the complaint herein, and thereby proximately caused Plaintiffs to sustain damages as set forth herein.

11.  Plaintiffs, on information and belief and based upon such basis, alleges that all Defendants carried out a joint scheme, business plan or policy in all respects pertinent hereto and all acts and omissions herein complained of were performed within the course and scope of said employment, service, agency, common scheme, plan and/or policy.

12.  Plaintiffs, on information and belief and based upon such basis, alleges that Defendants' founders, owners, shareholders, executive officers, managers, and supervisors directed, authorized, ratified and/or participated in the conduct that gives rise to the claims asserted herein and derived personal financial benefit from such conduct at the expense of Plaintiffs.

## JURISDICTION AND VENUE

13.  This Court has jurisdiction over this action pursuant to California *Code of Civil Procedure* § 410.10.   The damages exceed the jurisdictional minimum of this Court.

14.  Venue is proper in this Court, pursuant to California *Code of Civil Procedure* § 395.5 because the incidents complained of occurred in Orange County, California.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTIONS

15.  Plaintiffs are informed and believe that Defendants own, manage, and/or operate RICOH USA, INC., and RICOH LOGISTICS CORPORATION, and at all times mentioned herein, are employers which have operations in California, whose employees worked for, throughout the County of Orange and in other counties.

THIRD AMENDED COMPLAINT FOR DAMAGES

16. Defendants employed Plaintiffs as non-exempt hourly employees in their Orange county location.

17. Plaintiff Mario Sarabia's employment began in March of 1988. Plaintiff's last job title was a forklift operator and field distributer. His job duties included tasks as a general laborer and a driver. His last supervisor was Manuel Luna. Plaintiff Sarabia earned $17.87 per hour and worked between 8:00 a.m. and 5:30 p.m., and at times until 8 p.m. Between 2013 to 2016, he worked an additional 2 hours per day and between 2016 to 2018, he worked an additional one hour each day. Plaintiff was not paid for .5 hour daily for his meal breaks despite it being interrupted. Therefore, Plaintiff routinely worked more than eight hours per day and forty hours per week. Defendants failed to pay Plaintiff overtime wages at the legal rates of pay for all overtime hours worked and failed to provide him with uninterrupted breaks.

18. Plaintiff Martin Moreno's employment began in 2007 and ended in 2018. Plaintiff's last job title was an order puller, to lead and unload trucks. His job duties included tasks as a general laborer. His supervisor was Manuel Luna. Plaintiff Moreno earned about $12.85 per hour and worked between 6:00 a.m. and 4:30 p.m. Plaintiff was not paid for .5 hour daily for his meal breaks despite it being interrupted mostly by manager Gustavo Islas. Also, Plaintiff was required to work off clock. Therefore, Plaintiff routinely worked more than eight hours per day and forty hours per week. Defendants failed to pay Plaintiff overtime wages at the legal rates of pay for all overtime hours worked and failed to provide him with uninterrupted breaks.

19. During the relevant timeframe, Plaintiffs worked shifts of over four hours, and were not provided a ten-minute, uninterrupted rest break for each such

shift. Plaintiffs worked during the rest periods either under the direction and supervision of Defendants, or with Defendants' knowledge and consent. Furthermore, Defendants created schedules that made it difficult or impossible for Plaintiffs to take their rest breaks.

20. During the relevant timeframe, Plaintiffs worked shifts of over five hours, and were not given a thirty-minute, uninterrupted meal break for each such shift. Plaintiffs worked during the meal periods either under the direction and supervision of Defendant, or with Defendant's knowledge and consent.

21. Furthermore, Defendants created schedules that made it difficult or impossible for Plaintiffs to take their meal breaks.

22. Defendants failed to compensate Plaintiffs at the required rate for each occasion in which Defendants failed to provide rest breaks and meal breaks. Defendants are understaffed and cannot possibly provide its employees including Plaintiffs with their statutory breaks. Furthermore, Plaintiffs claim that the past and present employees did not receive an hour of premium pay, for each missed break, for all days they did not receive a proper rest break and/or meal break. Furthermore, employees could not take either of the two 30 minute meal breaks they were entitled to take when they worked more than 10 hours. As a result, Defendants failed to pay its employees for all wages earned. Interestingly, Defendants deducted .5 hour from each employee's wages for a meal break, which was not taken or was interrupted.

23. As such, Defendants failed to pay for all the hours worked and all wages earned by Plaintiffs and Class Members.

24. Defendants failed to maintain accurate payroll records, such that Plaintiffs and Class Members were given wage statements that did not accurately reflect their true compensation and all the hours worked.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

25.   Defendants did not issue an accurate final paycheck to Plaintiffs in accordance with the timeframes prescribed by law, as his last paycheck did not include the compensation for interrupted meal breaks and rest breaks and payment for all overtime hours worked and accrued sick days.

26.   Plaintiff Mario Sarabia developed health problems, as well as work-related injuries, during his employment.  However, Defendants failed and refused to engage in the interactive process and failed to accommodate Plaintiff. Instead, Defendant retaliated against Plaintiff by terminating his employment on March 26, 2019.  Plaintiff Sarabia was terminated under the pretext that he had failed to provide medical documentation for his medical condition and disability and/or he could not perform his job duties. However, prior to the termination, Plaintiff had regularly submitted medical documentation to Defendants (supervisors Manuel Luna or Manuel Orozco), to meet his employer's requirement to prove that he was out on disability per his doctor's order in regard to his disability and also his treating physician had provided Defendants with a report that as of June 20, 2019, Plaintiff could return to his job. There are witnesses to Plaintiff's employment and condition: Jomi, Jesus Nevares. Therefore, the last time he turned the medical report was in April 2019 and the doctor's report indicated that Plaintiff was able to return to work on June 20, 2019. However, when Plaintiff attempted to return to work for Defendant, he was told that he was already terminated in March 2019.

27.   Throughout his thirty years of service for Defendants, Plaintiff Sarabia was never aware of any complaints about his job performance. Plaintiff believes and contends that the true reason Defendant chose to terminate him on March 26, 2019, was due to his age (61 years old) and his injuries, disability, medical condition and his medical leave. He was hired when he

was only 30 years old and he spent the best years of his life working hard for Defendants. But once he needed medical leave, Defendants chose to terminate and toss him out because he was too old and needed accommodation.

## CLASS ACTION ALLEGATIONS

28.    Plaintiffs bring this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification. The class shall be defined as follows:

"All laborers who are hourly, non-exempt employees of RICOH USA, INC., and RICOH LOGISTICS CORPORATION, and perform or performed duties of a general laborer, forklift driver and field distributer, in the State of California during the period commencing four years from the date of PAGA filing or the date of the filing of the complaint, through the entry of final judgment in this action."

29.    All claims alleged herein arise under California law for which Plaintiffs and Class members seek relief authorized by California law.

30.    Excluded from the Class are Defendant(s) in this action, any entity in which Defendant(s) have a controlling interest, any officers, directors, and shareholders of Defendant, and legal representatives, heirs, successors, and assigns of Defendant.

31.    There is a well defined community of interest in this litigation and the Class is easily ascertainable:

a.    <u>Numerosity</u>:  The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the Class is unknown to Plaintiffs at this time.  However, the Class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. <u>Typicality</u>:  Plaintiffs are qualified to and will fairly and adequately protect the interests of each Class Member with whom they have a well-defined community of interest, and Plaintiffs' claims (or defenses, if any), are typical of all Class Members as demonstrated herein.

c. <u>Adequacy</u>:  Plaintiffs are qualified to, and will fairly and adequately protects the interests of each Class Member with whom they have a well-defined community of interest and typicality of claims, as alleged herein.  Plaintiffs acknowledge that they have an obligation to the Court to make known any relationship, conflict, or differences with any Class Member.  Plaintiffs' attorneys and proposed Class counsel are versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred, and, throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

d. <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

e. There are common questions of law and fact as to the Class (and each subclass, if any), that predominate over questions affecting only individual members, including but not limited to:

f. Whether Defendants had a policy of not providing uninterrupted statutory mandated rest periods to Plaintiffs and Class Members or compensation for rest periods;

**THIRD AMENDED COMPLAINT FOR DAMAGES**

g.  Whether Defendants had a policy of not providing uninterrupted statutory mandated meal periods to Plaintiffs and Class Members or compensation for meal periods;

h.  Whether Defendants created schedules in such a manner that made it difficult or impossible for Plaintiffs, and similarly situated Class Members, to take uninterrupted rest periods;

i.  Whether Defendants created schedules in such a manner that made it difficult or impossible for Plaintiffs, and similarly situated Class Members, to take uninterrupted meal periods;

j.  Whether Defendants failed to pay Plaintiffs and Class Members for the overtime hours worked during the relevant timeframe;

k.  Whether Defendants had a policy of requiring Plaintiffs and Class Members to work before clocking in or continue working after clocking out;

l.  Whether Defendants failed to pay Plaintiffs and Class Members for the total hours worked during the relevant timeframe and pay for their sick days;

m.  Whether Defendants failed to keep accurate payroll records, such that inaccurate wage statements were issued to Plaintiffs and Class Members;

n.  Whether Defendants failed to pay Plaintiffs and Class members an accurate and timely final paycheck;

o.  Whether Defendants failed to pay Plaintiffs and Class Members at least minimum wage for all the hours worked;

p.  Whether Defendants improperly retained, converted, appropriated, or deprived Plaintiffs and other Class Members of the use of monies or sums, which Plaintiffs and Class Members were legally entitled to;

**THIRD AMENDED COMPLAINT FOR DAMAGES**

q.  Whether Defendants engaged in unfair business practices in violation of California *Business and Professions Code* §§ 17200, et seq.; and

r.  The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

### FIRST CAUSE OF ACTION
**Violation of *Labor Code* §§ 226.7(a) and IWC Wage Order No. 4 and 9-2001 section 12 – Unpaid Missed Rest Breaks**
*(By Plaintiffs, individually, and on behalf of all similarly situated Class Members, Against all Defendants)*

32.  Plaintiffs and Class Members incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 31 of this Complaint.

33.  At all times herein set forth, Labor Code section 218 authorizes an employee to sue

directly for any wages or penalty due to him or her under this article of the Labor Code.

34.  At all times herein set forth, Labor Code section 226.7(a) provides that no employer

shall require an employee to work during any rest period mandated by an applicable order of the IWC.

35.  The language of applicable IWC Wage Order including IWC No. 4 and 9-2001 section 12 (A) relating to rest periods tracks the language of the Labor Code.  (*Code of Regulations*, title 8, section 11070, subd. 11.), which states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the

**THIRD AMENDED COMPLAINT FOR DAMAGES**

total hours worked daily at the rate of ten (10) minutes net rest time per four hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deductions from wages".

36.     During the relevant time period, Plaintiffs and class members worked more than three and one-half (3 ½) hours per workday, and was not allowed to take paid uninterrupted rest breaks that he was legally entitled to pursuant to pertinent IWC Wage Order such as  No. 4 and 9-2001 section 12.

37.     Defendants' conduct, as alleged herein, violates pertinent IWC Wage Order such as No. 4 and 9-2001 § 12 and Labor Code § 226.7(a), which provides that no employer shall require any employee to work during any rest period mandated by an applicable order of the IWC.

38.     Pursuant to Labor Code section 226.7(b), and pertinent IWC Wage Order such as  No. 4 and 9-2001 section 12 (B), Plaintiffs and Class Members are entitled to recover from Defendants one (1) additional hour of pay at regular rate of compensation for each work day that a rest period was not provided, for a three-year statutory period dating back from the date of the commencement of this action.

39.     Pursuant to Labor Code section 558, Plaintiffs

40.      and Class Members are entitled to fifty dollars ($50.00) for each pay period for which he was underpaid in addition to an amount sufficient to recover underpaid wages and for each subsequent violation, one hundred dollars ($100.00) for each pay period for which he was underpaid in addition to an amount sufficient to recover underpaid wages.

## SECOND CAUSE OF ACTION

**Violation of *Labor Code* §§ 226.7(a) and 512 – Unpaid Missed**

**Meal Breaks**

*(By Plaintiffs, individually, and on behalf of all similarly situated Class Members, against all Defendants)*

41.    Plaintiffs and Class Members incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 40 of this Complaint.

42.    At all times herein set forth, Labor Code section 218 authorizes employees to sue directly for any wages or penalty due to them under this article of the California Labor Code.

43.    At all times herein set forth, Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

44.    At all times herein set forth, Labor Code section 512(a) provides that an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

45.    At all times herein set forth, Labor Code section 512(a) further provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee, only if the first meal period was not waived.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

46.     The language of applicable IWC Order, section 11 relating to meal periods tracks the language of the Labor Code.  (*Cal. Code Regs.*, tit. 8, section 11090, subd. 11.)

47.     Defendants fostered a work environment where the taking of uninterrupted thirty (30) minute meal breaks by its employees was essentially prohibited because Defendants were more concerned about their profit margin, than its own employees' welfare.  As such, Plaintiffs could not take any thirty (30) minute uninterrupted meal breaks without the risk of being reprimanded or terminated.

48.     Because Defendants failed to afford proper meal periods, they are liable to Plaintiffs and Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Cal. Labor Code Section 226.7(b) and applicable IWC wage order, Section 11(B).

49.     By violating Cal. Labor Code Section 226.7 and 512, and applicable wage order, Section 11, Defendants are also liable to Plaintiffs and Class members for reasonable attorneys' fees and costs under Cal. Labor Code Section 218.5.

## THIRD CAUSE OF ACTION
***Failure to Pay All Overtime Wages Earned, in violation of Labor Code Sections 510 and 1194***
*(By Plaintiffs, individually, and on behalf of all similarly situated Class Members, against all Defendants)*

50.     Plaintiffs and Class Members incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 49 of this Complaint.

51.     At all relevant times during the applicable limitations period, Plaintiffs and Class Members have been non-exempt employees of Defendants and entitled to the benefits of Cal. Labor Code Sections 510 and 1194 and the Wage Order.

52.     Section 2(k) of the Wage Order defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

53.     In relevant part, Section 3 of the applicable Wage Order states:  (A) Daily Overtime- General Provisions:

(1)  The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of

THIRD AMENDED COMPLAINT FOR DAMAGES

eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary.

54.    Cal. Labor Code Section 510 states:  "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work."

55.    With respect to overtime wages, the regular rate of pay under California law must include "all remuneration for employment paid to, on behalf of, the employee." O.L. 2002.06.14 (quoting 29 U.S.C. Section 207(e)).  This requirement includes, but is not limited to, commissions and nondiscretionary bonuses.  See *Huntington Memorial Hosp. v. Superior Court* (2005) 131 Cal App. 4th 893, 904-05.

56.    During the relevant timeframe, Plaintiffs and Class Members were working more than 8 hours a day and more than 40 hours a week and were not paid

overtime wages for all the hours they worked overtime. They were not paid for 30 minutes of meal break despite their meal breaks being interrupted and they were asked to work.

57.    Plaintiffs and Class Members have been damaged in a sum to be proven and request relief as described below.

## FOURTH CAUSE OF ACTION

### *Failure to Pay Minimum Wage, Pay for all Wages Earned (Labor Code Section 204, 1194 and 1197)*
*(By Plaintiffs, individually, and on behalf of all similarly situated Class Members, against all Defendants)*

58.    Plaintiff and Class Members incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 57 of this Complaint.

59.    Cal. Labor Code Section 204 requires California employers to pay employees for all wages earned.

60.    Defendants failed to compensate Plaintiffs and Class Members for all hours worked, including, but not limited to, the hours worked during their meal and rest breaks, as well as overtime pay, and for which they did not receive the proper compensation under the law.

61.    Plaintiffs and Class Members have been damaged in a sum to be proven and requests relief as described below.

## FIFTH CAUSE OF ACTION

### *Failure to maintain accurate payroll records and to produce the records (Labor Code Sections 226, 1174 and 1198.5 and Applicable Wage Order)*
*(By Plaintiffs, individually, and on behalf of all similarly situated Class Members, Against all Defendants)*

**THIRD AMENDED COMPLAINT FOR DAMAGES**

62.    Plaintiffs and Class Members incorporate by reference and re-allege, as if fully stated herein, the material allegations set out in paragraphs 1 through 61 of this Complaint.

63.    Cal. Labor Code Section 226, applicable IWC such as wage order No. 4 and 9-2001, Section 7(A), and Cal. Labor Code Section 1174 require employers to maintain accurate payroll records and to provide semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee.

64.    Defendants have violated Cal. Labor Code Sections 226(a) and 1174, and applicable IWC wage order such as WO No. 4, Section 7(A) by willfully failing to keep required payroll records showing the actual hours worked each day by Plaintiffs and Class Members. As a direct and proximate result of Defendants' failure to maintain payroll records, Plaintiffs and Class Members have suffered economic harm as they have been precluded from accurately monitoring the number of hours worked and thus seeking payment for all missed meal periods and rest breaks.

65.    Cal. Labor Code Sections 1174 states: "An employer shall not prohibit an employee from maintaining a personal record of hours worked,…". However, despite Plaintiff's numerous requests and demands, Defendant has refused to produce Plaintiff Mario Sarabia's complete personnel records including his time sheets and hours worked showing when Plaintiff began and ended each work period, Meal periods, split shift intervals and total daily hours worked.

66.    Plaintiffs and Class Members have been damaged in a sum to be proven and request relief as described below.

# SIXTH CAUSE OF ACTION

### *Failure to pay wages upon separation (Labor Code Sections 201-203)*

*(By Plaintiffs, individually, and on behalf of all similarly situated Class Members, against all Defendants)*

67. Plaintiffs and Class Members incorporate by reference and re-allege, as if fully stated herein, the material allegations set out in paragraphs 1 through 66 of this Complaint.

68. Labor Code sections 201 – 203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter; unless the employee had given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with Labor Code sections 201 and 202, then the wages of the employee shall continue as a penalty form the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

69. During the relevant time period, Defendants failed to pay Plaintiffs, and Class Members, who are no longer employed by Defendant, for all the hours they had worked and for the statutory breaks they was not provided with. Plaintiffs and Class Members claim that once they had to stop working they did not timely receive wages owed to them upon the date they stopped working. This would include, but not be

limited to, wages for all hours worked (including overtime), accrued sick pay, and hours worked during rest and meal breaks. As a result, Plaintiffs claim a violation of Labor Code section 201-203 on behalf of themselves and all other employees who stopped working for the Defendants.

70.   Plaintiffs and Class Members have been damaged in a sum to be proven and request relief as described below.

## SEVENTH CAUSE OF ACTION
### Failure to pay for sick days (Violation of Labor Code §246(a))
*(By Plaintiffs Against all Defendants)*

71.   Plaintiffs and Class Members incorporate by reference and re-allege, as if fully stated herein, the material allegations set out in paragraphs 1 through 70 of this Complaint.

72.   Cal. Labor Code Section 246(a) provides: (a) (1) An employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to be paid sick days as specified in this section.

73.   Defendants failed and refused to pay Plaintiffs and Class Members for their sick days despite the employees being sick.

## EIGHTH CAUSE OF ACTION
### Unlawful Discrimination Based on Violation of *California Government Code* § 12940
*(By Plaintiff Mario Sarabia Individually Against All Defendants)*

74. Plaintiff Mario Sarabia re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 73 above as though fully set forth.

THIRD AMENDED COMPLAINT FOR DAMAGES

75. At all times herein set forth, *California Government Code* § 12926(d) provides: "'Employer' includes any person regularly employing five or more persons, or any   person acting as an agent of an employer, directly or indirectly, the state or any political or civil subdivision of the state, and cities . . .."

76. Defendants employ more than five employees. Defendants violated Cal. Gov. Code § 12940. Defendants discriminated against Plaintiff due to his age and disability. As a result of Defendants' acts, Plaintiff has suffered and will continue to suffer damages, including lost wages, lost benefits, as well as other pecuniary and physical and emotional injuries.  The amount of Plaintiff's damages will be ascertained at trial.

77. Plaintiff is legally protected from physical disability discrimination, which includes those whose physical condition requires disability leave and medical treatment. Defendants discriminated against and terminated Plaintiff on March 26, 2019 due to several reasons: Plaintiff's age, disability, medical condition and injury, which he had asked for time off to receive medical treatment. Plaintiff was put on disability in 2018-2019 by his treating physician, due to medical condition. Defendants were aware of Plaintiff's medical condition and disability since his treating doctor had provided documentation that Plaintiff could not return to work until 4-28-19 and later medical documentation stated that he could return to work on June 20, 2019. Despite medical documentation, on March 26, 2019, while Plaintiff was disabled, Defendants terminated Plaintiff Sarabia's employment after 30 years of hard work. Plaintiff did check with Defendants after June 20, 2019 and requested to be reinstated but Defendants refused to give Plaintiff any job. Plaintiff kept calling the human resources department by calling 800-953-2526, begging for his job back but was told that he was terminated in March 2019, despite the fact that he was on disability during March 2019.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

78. In committing the foregoing acts, Defendants are guilty of oppression, fraud, and/or malice under California Civil Code Section 3294, thereby entitling Plaintiff to punitive damages in an amount to be proven at trial.  Defendants' employees committed the acts of oppression, fraud, and/or malice.  Defendants, had advance knowledge of each employee who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud and/or malice, was committed by or on part of an officer, director, or managing agent of each of the Defendants.  Therefore, Plaintiff is entitled to punitive damages against Defendants.

79. FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing Plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will continue to incur attorneys' fees and costs.  Plaintiff is entitled to an award of reasonable attorneys' fees and costs since Defendants discriminated against Plaintiff due to his physical condition requiring disability leave and medical treatment, as well as due to his age.

## NINTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy
*(By Plaintiff Mario Sarabia Individually against all Defendants)*

80. Plaintiff Mario Sarabia incorporates by reference and re-alleges, as if fully stated herein, the material allegations set out in paragraphs 1 through 79 of this Complaint.

81. "Public policy" has been defined broadly to mean "that principle of law which holds that no citizen can lawfully do that which has a tendency to be injurious to the public or against the public good" [*Petermann v. International Brotherhood of Teamsters* (1959) 174 Cal. App. 2d 184, 188,

**THIRD AMENDED COMPLAINT FOR DAMAGES**

344 P.2d 25].  An employer discharging an employee's employment based on the employee's medical condition and age is a violation of Public Policy because  "disability discrimination" and "age discrimination" are supported by either constitutional or statutory provisions; it inures to the benefit of the public at large rather than serving merely the interests of the individual; is articulated at the time of the discharge; and California's policy against age and disability discrimination is "substantial and fundamental."

82. During his employment, Plaintiff advised the Defendants of his physical problems and the need to seek time off; Plaintiff is informed and belief that this, along with his age, were the causes of the Defendants' discrimination against him. Therefore, Plaintiff alleges that Defendants have terminated his employment in violation of Public Policy.  Plaintiff alleges that as a direct and proximate result of Defendants' wrongful conduct (Plaintiff' employment being terminated on the above described bases and the fact that he was on medical leave); Plaintiff has now sustained monetary damages and severe emotional distress in an amount to be proven at trial.

83. Each of the wrongful and deliberated acts committed by Defendants, as herein alleged, were acts that constitute oppression and malice because they were committed with the sole intent to discharge Plaintiff from his employment due to his physical condition requiring disability leave and medical treatment, as well as due to his advancing age.

84. Plaintiff is informed and believes and thereon alleges that each of the oppressive and malicious acts committed by Defendants, as herein above alleged, were committed and/or ratified by Defendants and their directors, officers, managing employees, and therefore, Plaintiff is entitled to an award of punitive damages against Defendants and each of them.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

## TENTH CAUSE OF ACTION

### Violation of *California Government Code* § 12940(h) Wrongful Termination-Retaliatory Termination

*(By Plaintiff Mario Sarabia Individually against all Defendants)*

85. Plaintiff Mario Sarabia incorporates by reference and re-alleges, as if fully stated herein, the material allegations set out in paragraphs 1 through 84 of this Complaint.

86. Defendants retaliated against Plaintiff in the terms, conditions and existence of Plaintiff' employment after Plaintiff opposed practices of Defendants forbidden by FEHA, Govt. Code §§ 12900-12996, including but not limited to Govt. Code §§ 12940, 12945.2, 19702.3 (employment discrimination). Defendants' retaliation violated Govt. Code § 12940, including subsection (h).

87. During his employment, Plaintiff requested accommodations for his injuries and disability. Plaintiff was on medical leave and Defendants retaliated against Plaintiff by terminating his employment. Such act created hostile work environment

88. Defendants' wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.

89. Under Labor Code § 6310 Plaintiff is entitled to injunctive relief including reinstatement and reimbursement of lost wages and benefits.

90. Plaintiff has been required to hire The Law Offices of Farrah Mirabel, and is entitled to recover reasonable attorney fees.

91. Plaintiff alleges that Defendants' terminating him for asking for accommodations due his physical condition and disability, and being out on medical leave, was done with malice and oppression because they were meant to retaliate against Plaintiff for having exercised his right for work accommodations due to his disabilities. These oppressive and malicious acts, as herein above alleged, were committed by Defendants and/or each

of them through their Directors, Officers, Managing Employees, were ratified by Defendants and each of them at the time these acts were being committed.

92. Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendants and each of them pursuant to Civil Code § 3294.

### ELEVENTH CAUSE OF ACTION
### Violation of *California Government Code* § 12940 (m) – Wrongful Termination Failure to Accommodate
*(By Plaintiff Mario Sarabia Individually against all Defendants)*

93. Plaintiff Mario Sarabia incorporates by reference and re-alleges, as if fully stated herein, the material allegations set out in paragraphs 1 through 92 of this Complaint.

94. Defendants failed to make reasonable accommodations for Plaintiff's disabilities, and instead terminated his employment. This violated Govt. Code § 12940, including subsection (m).

95. Defendants' wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven. Plaintiff has been required to hire the Law Offices of Farrah Mirabel, and is entitled to recover reasonable attorney fees.

96. Plaintiff alleges that Defendants' refusal to grant Plaintiff accommodations and terminating his employment were acts that constitute oppression and malice because they were committed with the sole intent of depriving Plaintiff of being employed and causing injuries to Plaintiff. These oppressive and malicious acts, as herein above-alleged, were committed by Defendants and/or each of them through their Directors, Officers, Managing Employees, were ratified by Defendants and each of them at the time these acts were being committed. Therefore, Plaintiff is entitled to damages in an amount according

to proof at trial and punitive damages in an amount sufficient to deter and punish Defendants and each of them.   Therefore, Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendants and each of them pursuant to Civil Code § 3294.

97. Plaintiff alleges that as a direct and proximate result of Defendants wrongful conduct (Plaintiff being terminated based on his disability and being put on medical leave), he has now sustained monetary damages and severe emotional distress.

### TWELFTH CAUSE OF ACTION
**Violation of *California Government Code* § 12940 (n) – Wrongful Termination**
**Failure to Engage in the Interactive Process**
*(By Plaintiff Mario Sarabia Individually against all Defendants)*

98. Plaintiff Mario Sarabia incorporates by reference and re-alleges, as if fully stated herein, the material allegations set out in paragraphs 1 through 97 of this Complaint.

99. Plaintiff had health issues, including work related injuries, and required work accommodations. He had requested and was put on medical leave. Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective, reasonable accommodations for his disability.  This violated Govt. Code § 12940, including subsection (n).

100. Defendants' wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven.  Plaintiff was forced to hire the Law Offices of Farrah Mirabel, and is entitled to recover reasonable attorney fees.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

101.   Plaintiff alleges that Defendants refused to acknowledge and accept his need for continued accommodations and treatment due to his disability, which required Plaintiff to be on medical leave until June 20, 2019. Plaintiff sought continued accommodations, but instead was terminated. Such acts constitute oppression and malice because they were committed with the sole intent of depriving Plaintiff of receiving proper medical care and also deprive him of being employed and causing injuries to Plaintiff. These oppressive and malicious acts, as herein above-alleged, were committed by Defendants and/or each of them through their Directors, Officers, Managing Employees, were ratified by Defendants and each of them at the time these acts were being committed.  Therefore, Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendants and each of them.  Therefore, Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendants and each of them pursuant to Civil Code § 3294.

## THIRTEENTH CAUSE OF ACTION
### Violation of California Business & Professions Code § 17200, et seq.
*(By Plaintiffs, individually, and on behalf of all similarly situated Class Members,  Against all Defendants)*

102.   Plaintiffs incorporates by reference and re-allege, as if fully stated herein, the material allegations set out in paragraphs 1 through 73.

103.   California Business & Professions Code Section 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

104.   California Business & Professions Code Section 17204 allows "any person acting for the interest of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

105.   Beginning at an exact date unknown to Plaintiffs, but at least four years prior to the filing of this action, Defendants have improperly, fraudulently, and unlawfully failed to provide Plaintiffs with meal and rest breaks, failed to provide compensation for the missed meal and rest breaks, failed to provide compensation for all hours worked and all wages earned, failed to pay compensation for all over-time hours worked, failed to pay for sick days, and provided Plaintiffs with inaccurate wage statements, and have thereby committed unlawful, unfair, and/or fraudulent business acts and practices as defined by California Business & Professions Code Section 17200, by engaging in the following:

i.   Failing and refusing to provide meal periods and rest breaks to Plaintiff;

ii.   Failing to pay all accrued meal period and rest break compensation to Plaintiff;

iii.   Failing to pay for all hours worked and pay for all overtime compensation to Plaintiff;

iv.   Failing to maintain accurate payroll record and provide accurate itemized wage statement to Plaintiff; and

v.   Failing to pay for sick days.

The violation of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of California Business and Professions Code Section 17200.

106.   As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, Defendants have received and continue to hold ill-gotten gains belonging to Plaintiffs.  As a direct and proximate result of Defendants' unlawful

business practices, Plaintiffs have suffered economic injuries including, but not limited to, compensation for missed meal periods and over-time hours worked. Defendants have profited from their unlawful, unfair, and/or fraudulent acts and practices in failing to provide meal period and rest break compensation to Plaintiffs, as well as compensation for over-time hours worked.

107. Plaintiffs are entitled to restitution pursuant to California Business & Professions Code

Sections 17203 and 17208 for all meal period and rest break compensation, unpaid wages and interest since four years prior to the filing of this action.

108. Plaintiffs are entitled to enforce all applicable penalty provisions of the California

Labor Code pursuant to California Business & Professions Code Section 17202.

109. Plaintiffs' success in this action will enforce important rights affecting the public

interest. In this regard, Plaintiffs, sue on behalf of themselves and the general public. Plaintiffs seek and are entitled to unpaid compensation, declaratory and injunctive relief, civil penalties, and any other appropriate remedy.

110. Injunctive relief is necessary and appropriate to prevent Defendants from continuing

and repeating their unlawful, unfair and fraudulent business acts and practices alleged above.

111. In order to prevent Defendants from profiting and benefitting from their wrongful and

illegal acts and continuing those acts, an order requiring Defendants to disgorge all the profits and gains they have reaped and restore such profits and gains to the Plaintiffs, from whom they were unlawfully taken.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

112.   Plaintiffs have assumed the responsibility of enforcement of the laws and lawful claims

specified herein.  There is a financial burden incurred in pursuing this action, which is in the public interest.  Therefore, reasonable attorneys' fees are appropriate pursuant to Cal. Code of Civil Procedure Section 1021.5.

113.   By all of the said foregoing alleged conduct Defendants have committed, and are continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Cal. Business & Professions Code Section 17200, et seq.

114.   As a direct and proximate result of the unfair business practices described above, Plaintiffs have suffered significant losses and Defendants have been unjustly enriched.

115.   Pursuant to Cal. Business & Professions Code Section 17203, Plaintiffs are entitled to: (a) restitution of money acquired by Defendants by means of their unfair business practices, in amounts not yet ascertained but to be ascertained at trial; (b) injunctive relief against defendants' continuation of their unfair business practices, and (c) a declaration that defendants' business practices are unfair within the meaning of the statute.

## FOURTEENTH CAUSE OF ACTION
### *Civil Penalties Pursuant to Labor Code section 2699*
*(By Plaintiffs, individually, and on behalf of all similarly situated Class Members,  Against all Defendants)*

116.   Plaintiffs incorporate by reference and re-alleges, as if fully stated herein, the material allegations set out in paragraphs 1 through 115 of this Complaint.

117.   As a result of the actions alleged herein, Plaintiffs seek penalties under Labor Code sections 2698 to 2699 and 2699.5 because of Defendants'

**THIRD AMENDED COMPLAINT FOR DAMAGES**

violation of Labor Code sections 201-204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1197.1, 1198, which call for civil penalties.

118.    For each such violation, Plaintiffs are entitled to penalties in an amount to be proven at trial subject to the following formula:

      i.    For $100 for the initial violation per employee per pay period

      ii.    For $200 for each subsequent violation per employee per pay period

119.    Labor Code Section 2699.3 provides that "The aggrieved employee or representative

120.    shall give written notice by certified mail to the Labor and Workforce Development Agency  and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."

121.    Plaintiff Mario Sarabia complied with Labor Code Section 2699.3. Written notice was served on Defendant RICOH USA, INC., in accordance with the provision of Section 2699.3 on August 16, 2019. More than 65 days have since passed from the postmark date of the notice provided  to Defendants. Attached to this complaint as **Exhibit "B"**, is a copy of the PAGA letter and proof of mailing to Defendant. To date, the California Labor and Workforce Development Agency has not provided Plaintiff Sarabia with a notice of intent to investigate these violations. Moreover, Defendants have failed to provide Plaintiff with notice that they have cured the violations, will cure the violations now, or will cure the violations in the future. Consequently, pursuant to Labor Code Section 2699.3(a)(2)(A), Plaintiff may proceed and file a complaint and pursuant to Labor Code Section 2699.3(a)(2)(C), to amend this complaint for penalties pursuant to Labor Code section 2699.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

122.    Prior to initiating this lawsuit, Plaintiff Mario Sarabia complied with the requirement to make a claim and complaint against each named

Defendant with the California Department of Fair Employment and Housing ("DFEH") pursuant to section 19200, *et seq*, of the California Government Code, alleging the claims described in this complaint. The DFEH issued a "right to sue" letter for Plaintiff Sarabia on November 4, 2019. A true and correct copy of the administrative complaints and "right to sue letters" are attached hereto as **Exhibit "A".** The action is filed within one year of the date that the DFEH issued its right to sue letters.

## REQUEST FOR JURY TRIAL

Plaintiffs hereby request a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

Plaintiffs request:

1. For general and special compensatory damages, according to proof;
2. For statutory damages;
3. For payments pursuant to *California Labor Code* § 226.7;
4. For payments pursuant to *California Code of Civil Procedure* § 338;
5. For reasonable attorney's fees and for costs of suit incurred herein pursuant to *Labor Code* §§ 218.5, 226(e)**;**
6. For pre-judgment interest on any unpaid wages from the date such amounts were due pursuant to *California Labor Code* § 218.6; 1194, 1197 and any other applicable statute.
7. For civil penalties pursuant to *Labor Code* § 558;
8. For the disgorgement of any and all "unpaid wages" and incidental losses, according to proof;

**THIRD AMENDED COMPLAINT FOR DAMAGES**

9.  For restitution of "unpaid wages" and pre-judgment interest from the day such amounts were due and payable;

10. For reasonable attorney's fees pursuant to *Code of Civil Procedure* § 1021.5;

11. For exemplary and punitive damages;

12. For to injunctive relief including reinstatement, reimbursement of lost wages/benefits;

13. For penalties under Labor Code sections 2698 to 2699 and 2699.5;

14. For such other and further relief as the court deems just and proper.

DATED: March 4, 2021                    **LAW OFFICES OF FARRAH MIRABEL**


                                        BY:   /s/ Farrah Mirabel, Esq.
                                              Farrah Mirabel, Esq.
                                              ATTORNEY FOR PLAINTIFFS

**THIRD AMENDED COMPLAINT FOR DAMAGES**

EXHIBIT 'A'



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

November 4, 2019

Farrah Mirabel
1070 Stradella Rd
Los Angeles, California 90077

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 201911-08147604
       Right to Sue: Sarabia / RICOH USA, INC.

Dear Farrah Mirabel:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

November 4, 2019

RE:    **Notice of Filing of Discrimination Complaint**
         DFEH Matter Number: 201911-08147604
         Right to Sue: Sarabia / RICOH USA, INC.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 4, 2019

Mario Sarabia
1622 south spruce street
santa ana, California 92704

RE:     **Notice of Case Closure and Right to Sue**
         DFEH Matter Number: 201911-08147604
         Right to Sue: Sarabia / RICOH USA, INC.

Dear Mario Sarabia,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective November 4, 2019 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Mario Sarabia                                   DFEH No. 201911-08147604

                              Complainant,

vs.

RICOH USA, INC.
70 Valley Stream Parkway
Malvern, Pennsylvania 19355

                              Respondents

_____

1. Respondent **RICOH USA, INC.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Mario Sarabia**, resides in the City of **santa ana** State of **California.**

3. Complainant alleges that on or about **March 26, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), age (40 and over).

**Complainant was discriminated against** because of complainant's race, family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), age (40 and over) and as a result of the discrimination was terminated, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people).

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, denied any employment benefit or privilege, denied reasonable

-1-
*Complaint – DFEH No. 201911-08147604*

Date Filed: November 4, 2019

1  accommodation for a disability, denied family care or medical leave (cfra)
2  (employers of 50 or more people).

3  **Additional Complaint Details:** Mario Sarabia was put on disability in 2019 due to
4  medical condition. Employer Ricoh was aware of Sarabia's medical condition and
   disability since his treating doctor had provided documentation that Sarabia could
5  not return to work until 4-28-19 and later documentation stated that he could return
6  to work on June 20, 2019. Despite medical documentation, on March 26, 2019, while
   Sarabia was disabled,  Ricoh terminated Sarabia's employment after 30 years of
7  hard work.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-2-
*Complaint – DFEH No. 201911-08147604*

28

Date Filed: November 4, 2019

1    VERIFICATION

2    I, **farrah mirabel**, am the **Attorney** in the above-entitled complaint.  I have read the
3    foregoing complaint and know the contents thereof.  The matters alleged are based
     on information and belief, which I believe to be true.

4
     On November 4, 2019, I declare under penalty of perjury under the laws of the State
5    of California that the foregoing is true and correct.

6                                                                           **los angeles, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                               -3-
27    _____
                              *Complaint – DFEH No. 201911-08147604*
28
      Date Filed: November 4, 2019

# EXHIBIT "B"

*Law Offices of*

## Farrah Mirabel

*Attorney At Law*
*1070 Stradella Rd.*
*Los Angeles, California 90077*
*Tel (714) 747-4447  Fax (949) 417-1796*

August 16, 2019                          **- VIA CERTIFIED U.S. MAIL –**

Attn. PAGA Administrator
**California Labor and Workforce Development Agency**
455 Golden Gate Avenue, 10th Floor
San Francisco, California 94102

**RICOH USA, INC.**
70 VALLEY STREAM PARKWAY
MALVERN PA 19355

Dear PAGA Administrator:

Our firm represents the interests of Mario Sarabia, (Plaintiff), an employee of RICOH USA, INC. ("Defendant").  Plaintiff was employed by Defendant as a laborer, driver, and forklift field distributor.

The purpose of this notice is to comply with the statutory exhaustion requirements of Labor Code section 2699.3 prior to commencing an action pursuant to Labor Code section 2699, *et seq.*  We request that your agency investigate the claims in this letter and the labor code and wage order violations as listed below.

Plaintiff, on his own behalf and also on behalf of past and present employees, alleges that Defendant has violated the following labor code sections:

1.  Violation of Labor Code § 226.7(a) (Missed Rest Breaks);

2.  Violation of Labor Code §226.7, 512, and 1198 (Missed Meal Breaks);

3.  Violation of Labor Code §510 and 1194, 1198 (Failure to Pay All Overtime Worked)

4.  Violation of Labor Code § 204 (Failure to Pay All Wages Earned)

5.  Violation of Labor Code § 226(a) and 1174 (Improper Wage Statements);

6.  Civil Penalties Pursuant to Labor Code section 2699 (PAGA penalties)

CALIFORNIA LWDA
*Private Attorneys General Act Notice*
August 16, 2019
Page 2

7.  Violation of Bus. & Prof. Code § 17200, et seq. (Unfair Competition)

8.  Violation of Labor Code § 201-203 (Failure to Pay Wages Upon Separation)

Plaintiff claims on his own behalf and also on behalf of all past and present employees that they worked in excess of 8 hours work shift and 40 hours per week.  Therefore, Plaintiff was hired to work shifts of over four hours, but was not allowed to take a ten-minute, uninterrupted rest break for each 4 hours he worked.   Plaintiff worked during the rest periods either under the direction and supervision of Defendant, or with Defendant's knowledge and consent.

Furthermore, Defendant created schedules that made it difficult or impossible for Plaintiff to take his rest breaks.

Also during his employment, Plaintiff did not receive a thirty-minute, uninterrupted, off-duty meal break for every shift he worked that lasted more than five hours. Furthermore, Defendant created schedules that made it difficult or impossible for Plaintiff to take his meal breaks.

Plaintiff received wages and wage statements which did not account for all the hours worked and did not account for the premiums due to Plaintiff for the missed rest and meal breaks, nor accounted for overtime pay for the interrupted or not taken meal breaks Plaintiff had to work which made his working hours to become in excess of 8 hours per work shift and beyond 40 hours per week. Therefore, Defendant failed to maintain accurate payroll records, such that Plaintiff was given wage statements that did not accurately reflect his accurate hours worked and did not reflect the required and due compensation for all the hours worked and rest and meal breaks missed.

During the relevant timeframe, Defendant employed Plaintiff as non-exempt hourly employee.  Plaintiff worked for Defendant as a laborer, forklift machine operator, and field distributor. Defendant hired him some time in 1988 until Plaintiff had a health condition and medical disability on or about June 2018 and had to take time off for medical treatment. He was turning medical report to his Defendant (supervisors Manuel Luna or Manuel Orozco) regularly, to meet his employer's requirement to prove that he was out on disability per his doctor's order. The last time he turned the medical report was in April 2019 and the doctor's report indicated that Plaintiff was able to return to work on May 20, 2019. However when Plaintiff attempted to return to work for Defendant, he was told that he was already terminated in March 2019. Plaintiff kept calling the human resources department by calling 800-953-2526, begging for his job back but was told that he was terminated in March 2019, despite

CALIFORNIA LWDA
*Private Attorneys General Act Notice*
August 16, 2019
Page 3

the fact that he was on disability until May 20, 2019.

Plaintiff's last pay rate was $17.86/hour. Plaintiff worked 5 days per week and his work shifts were minimum of 8-hour shift, but was never able to take full uninterrupted rest breaks and meal breaks per each working day and if he worked more than 10 hours a day, he was never allowed to take a second meal break.

Therefore, Plaintiff claims that Defendant did not provide him and all other past and present employees with uninterrupted rest breaks or meal breaks.

Defendant is understaffed and cannot possibly provide its employees including Plaintiff with their statutory breaks. Furthermore, Plaintiff claims that the past and present employees did not receive an hour of premium pay, for each missed break, for all days they did not receive a proper rest break and/or meal break. As a result, Defendant failed to pay its employees for all wages earned. Interestingly, Defendant deducted .5 hour from each employee's wages for a meal break, which was not taken.

Plaintiff claims that because Defendant did not properly compensate its employees for all the hours worked, did not pay for an hour of pay, for each missed break, for all days they did not receive a proper rest break or meal break, and failed to pay them overtime for all hours worked in excess of 8 hours per day and 40 hours per week, the employees' wage statements did not accurately reflect all the hours worked and the wages earned. As such, Plaintiff claims that Defendant provided all its past and present employees with improper wage statements.

Furthermore, Plaintiff could not take either of the two 30 minute meal breaks he was entitled to take when he worked more than 10 hours.

Moreover, Defendant failed to compensate Plaintiff and all past and present employees, at the required rate for each occasion in which Defendant failed to provide rest breaks and meal periods. As such, Defendant failed to pay for all the hours worked and pay all wages earned by Plaintiff.

Plaintiff claims that once he had to stop working due to his medical condition, he did not timely receive wages owed to him upon the date he stopped working. As a result, he claims a violation of Labor Code section 201-203 on behalf of himself and all other employees who stopped working for the Defendant.

Plaintiff claims that Defendant's conduct, as state herein, including not paying its employees all wages owed, including wages for all hours worked, overtime, missed meal and rest breaks, and not providing its employees with accurate wage statements, and not paying timely paycheck upon the separation of the employee, has been unfair, unlawful, and harmful to all its past and present employees, including Plaintiff, and to the general public. As such, this letter is written to comply with the notice and reporting requirements of Labor Code section 2699.3.

**CALIFORNIA LWDA**
*Private Attorneys General Act Notice*
**August 16, 2019**
**Page 4**

Plaintiff can be contacted through his attorney of record:

Farrah Mirabel, Esq.
**LAW OFFICES OF FARRAH MIRABEL**
1070 Stradella Rd.
Los Angeles, California 90077

Plaintiff and other similarly situated individuals, past and present employees, may also be entitled to penalties pursuant to Labor Code section 2699, et seq.

On behalf of Plaintiff, and all other past and present employees, our office will be filing a civil complaint against Defendant, alleging the above causes of action including PAGA claim and request damages pursuant to but not limited to the following labor code sections *210, 218.5, 225.5, 223, 226.3, 558, 558.1, 1174.5, 1193.6, 1199 and 2698-2699, 2699.5*.

Very truly yours,

**LAW OFFICES OF FARRAH MIRABEL**

/s/ Farrah Mirabel

Farrah Mirabel, Esq.

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ricoh USA, Inc.
70 Valley Stream Parkway
Malvern, PA 19355

9590 9402 4271 8121 8981 02

2. Article Number *(Transfer from service label)*

7018 2290 0000 4159 0860

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                         ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
                                   1/15

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**USPS TRACKING #**

9590 9402 4271 8121 8981 02

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•



Law Offices of Farrah Mirabel
1070 Stradella Rd.
Los Angeles, Ca 90077

Mario Sarabia