JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO SARABIA, on behalf of himself and for all similarly situated persons, and the general public,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>RICOH USA, INC., a California Corporation, RICOH LOGISTICS CORPORATION and DOES 1-50 ALL INCLUSIVE,<br><br>　　　　　Defendants. | Case No.  8:20-cv-00218-JLS-KES<br><br>**FINAL JUDGMENT** |

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

The Court, having read and considered the papers of Plaintiff's Motion for Final Approval of Class Settlement, the supporting Memorandum of Points and Authorities, the Class Counsel Declarations, including the declaration of the Class Representative, the arguments of Counsel, and good cause appearing, hereby **ENTERS JUDGMENT AS FOLLOWS**:

1) The Court finds the settlement to be fair, adequate, and reasonable. Accordingly, the Court GRANTS the Motion in substantial part as follows:

   - The Court GRANTS final approval of the class settlement.

   - The Court GRANTS final approval of the PAGA payment.

   - The Court GRANTS Sarabia's request for Simpluris to be paid $8,000 in settlement administration costs from the gross settlement fund.

   - The Court GRANTS an award of attorneys' fees in the amount of $300,000.

   - The Court GRANTS Class Counsel's request to be reimbursed litigation costs from the gross settlement fund in the amount of $19,854.

   - The Court GRANTS Sarabia's request for a class representative enhancement award in the amount of $7,500.

2) This Judgment hereby incorporates by reference the definitions of the Settlement Agreement and Release ("Settlement Agreement"), as though

fully set forth herein, and all terms used herein shall have the same meaning as set forth in the Settlement.

3) All claims asserted in this Action are DISMISSED WITH PREJUDICE as to Plaintiff Mario Sarabia, Class Members and PAGA Employees to the maximum extent permitted by law. Except as set forth in the Settlement Agreement and the Final Approval Order, each party is to bear his/its own attorneys' fees and costs.

4) As there were no opt-outs from the settlement, all Class Members are permanently enjoined from pursuing or seeking to reopen, any of the Class Released Claims, as defined in paragraphs III.P and III.Q of the Settlement Agreement, to the maximum extent permitted by law. All PAGA Employees are permanently enjoined from pursuing, seeking to reopen, or to prosecute any of the PAGA Claims released by paragraph III.R of the Settlement Agreement, to the maximum extent permitted by law.

5) Without affecting the finality of the Judgment, the Court shall retain exclusive and continuing jurisdiction over the above-captioned action and the parties, including all Class Members, for purposes of supervising, administering, implementing, enforcing, and interpreting the Settlement Agreement.

**IT IS SO ORDERED, ADJUDGED AND DECREED**.

DATED: May 10, 2023

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE